## EVERETT v. THE CEDAR RAPIDS & M. R. R. Co.

1. **Certiorari: WHAT ERRORS WILL BE CONSIDERED.** In a certiorari proceeding, the court will not consider errors or irregularities relating to or dependent upon facts not stated in the petition. Nor will allegations, without a return to sustain them, afford ground for interference.

2. —— **RIGHT OF WAY ASSESSMENT.** It was accordingly *held*, that a proceeding to appropriate the right of way to a railroad company over lands alleged to belong to an unknown non-resident, which was regular upon its face, would not be set aside or interfered with upon the mere allegations of the petition in a certiorari proceeding, that the owner was known, not notified, etc., when such allegations were not supported by the return to the writ, nor by any proof contained in the record.

*Appeal from Pottawattomie District Court.*

WEDNESDAY, JANUARY 12.

CERTIORARI. — The defendants, proceeding under sections 1317, 1318 and 1320 of the Revision, had the damages assessed to the several owners, sustained by reason of the appropriation of the right of way over and across certain lands, etc. This was in January, 1869, and in May of that year, plaintiff, the owner of eighty acres of land, the damages to which were thus assessed, obtained this writ, and upon the coming in of the return of the sheriff, the entire proceedings were set aside. Defendant excepted and appeals.

*Isaac Cook* for the appellant.

*Minster & Haight* for the appellee.

WRIGHT, J.— Several questions are discussed by counsel, for which we find no warrant in the record. Thus, 1. CERTIORARI: what errors will be considered. the ruling of the court upon defendants' demurrer to the petition, before the writ was

issued, was not excepted to and hence cannot be reviewed. And as to the demurrer afterward filed, as also the motion to quash the writ, and to strike out a part of the sheriff's return, it does not clearly appear that they were ever passed upon by the court below, or, if so, there was certainly no exception, and defendant is again without standing in this court. The only point really ruled and excepted to, was upon the merits, which held the proceedings before the sheriff irregular and illegal, and set them aside. And this is the only question before us.

In determining it we look to what is alleged in the petition for the writ, and the return made by the sheriff or officer as to the matters thus stated. We have nothing to do with matters neither alleged nor stated, nor those stated which are not supported by the return. In other words, we cannot consider error or illegalities relating to, or dependent upon, facts not stated. Nor will allegations, without a return to sustain them, afford ground for annulling or setting aside the proceeding. Of these propositions there can be no doubt, and especially so when the case is heard upon the petition and return. Rev. ch. 140; *Schroder* v. *Carey*, 11 Iowa, 555; *McCollister* v. *Shuey*, 24 id. 362. Keeping this rule in view, and turning to the petition, we find that the only irregularity or illegality complained of is the want of notice, as required by law, with possibly the further allegation that the damages allowed by the sheriff's jury were grossly inadequate. As it is not and will not be pretended that the matter of damages, that is, the sufficiency or adequacy thereof, could be reviewed in this proceeding, we need not further consider it. And thus construing the record, we may dismiss all that is said in argument by appellee's counsel about the manner in which the commissioners assessed the damages, that is, whether by an "inspection of the land," or by the "use of plats alone." And the same is

true as to the regularity of the command of the writ issued by the sheriff to the commissioners, as well as the suggestion that no proper request was made to the sheriff to appoint the commissioners. For none of these matters are relied upon or set up in the petition for the writ. If they had been, it is possible the return might have been different, or the opposite party might have taken steps to have had it more complete and specific.

Then, again, all that is said in the petition as to plaintiff's residence, and the knowledge thereof; of his ownership of the land being a matter of record; of the length of time he had owned the same, and of the want of diligence on the part of the agents of the company in ascertaining his residence,— we say all these matters are of no moment, for they are not sustained or supported by the return; and, as the record stands, this return is all that we can refer to, in determining whether the proceedings in the sheriff's court should be affirmed or annulled. This, again, can, as already suggested, only be examined so far as it responds or relates to "facts constituting" the case made in the petition. The duty of the District Court, and of this, is to review the case made by the petition and return, and not another or different one.

Having thus stated or shown what is *not* before us, we come to the case actually made by the record, and which 2. — right of is really here for determination. The petition
way assess-
ment. alleges, that, "before the application for said assessment, the said company failed to give your petitioner the four weeks' notice that said road had been located over said premises, and that, in case of your petitioner failing to apply to have his damages assessed, that said company would so apply, as was required by the statute, in case of non-resident owners' when known." And again, that "the company failed to notify petitioner, or to have any notice whatever served upon him, or to

use diligence in endeavoring so to do," whereby, etc. The return shows that a notice, directed to the " unknown or non-resident owners of the following tracts of land," etc., describing them, and including the land of plaintiff referred to in the petition, was given, by publication for four weeks in a newspaper published in the proper county. After this, and pursuant to this notice, the commissioners proceeded in the discharge of their duties, the land owner not appearing.

The statute is, that if, upon the location of the road, it shall be found to run through the land of *any non-resident owner*, the corporation may give four weeks' notice to the proprietor, *if known;* and if *not known*, by a *description of the real estate*, by publication, etc. If the owner does not apply within, etc., to have the damage assessed, the company may proceed, etc., subject to the same right of appeal as in the case of a resident owner, the latter being given to either party by a preceding section (1317), and continues for thirty days after the assessment. Rev. § 1320.

Now, if plaintiff was a *non-resident*, and his ownership of the land was *not known*, there can be no doubt as to the right of the company to give the notice in the form or manner adopted in this case. And, in thus stating the proposition, we do not stop to inquire whether non-resident means one who resides in *another State*, in another *county* in this State, or in any *other place* than on the land, though in the same county. For whatever its meaning, *in a proper case*, a notice could properly be thus directed. That is, to a *non-resident, unknown owner*, the notice would be good if it described the land, without giving the name of the proprietor. And now, can we, in the absence of any thing in the return to show that the owner was *a resident*, or that his ownership was

*known*, hold that the sheriff was acting "illegally," or that he "exceeded his proper jurisdiction?"

The petition is evidently based upon the idea that the notice was not sufficient "against a non-resident owner *when known*," and that as, according to the petition, the owner was known, it should have been addressed to him by name. But the misfortune of plaintiff's case is, that this knowledge, from this record, is only shown *in the petition*. For any thing that elsewhere appears, plaintiff was a resident of the most foreign land on the globe, and the ownership of the land completely and entirely unknown. Can the proceeding be annulled on such a record? If so, then no presumptions whatever can be indulged in favor of the regularity of the proceeding; but every thing against it. By the same reasoning plaintiff could, by alleging that he occupied the land at the time of the notice, without any thing to sustain it in the return, and though the return showed a strict compliance with the law under a state of case contemplated by the statute, by a resort to this remedy, have the whole proceeding set aside. And thus it would occur that the adverse party would be required to show the regularity of the proceeding, or establish the *absence of error*, while, upon every principle applicable to such a procedure, it is incumbent upon the party alleging the error, not only to *aver*, but to *establish* the illegal action.

The party is not without remedy if he has sustained injury. He has the right to appeal, as we have already seen. If this shall be lost to him, without fault, then he has in reserve his right *in equity* to set aside the whole proceeding, as in any other case where his property has been appropriated without notice, or in fraud of his rights. And so, too, if there was no jurisdiction, all that was done was void, and he can rely upon the fact in any action, whether the question arises in a proceeding direct

or collateral. And the propriety and reasonableness of remitting a party to some one or all of these remedies, rather than to hold this proceeding illegal, upon this writ, is apparent enough, when it is remembered that we are called upon to set aside an apparently good notice, good service and regular assessment, upon a mere allegation of the party interested, unsustained by any single item of proof, by the return, or otherwise.

Reversed.