## DAINESE *v.* COOKE ET AL.

If the proper officer gives a permit for the erection of certain specially described buildings in Washington City, a clear case of danger to the public safety, or of departure from the permit, must be made before the party acting under it can be arrested midway in the construction of them, and required to remove them.

APPEAL from the Supreme Court of the District of Columbia.

*Mr. F. P. Cuppy* and *Mr. John W. Ross* for the appellant, and *Mr. Edwin L. Stanton* for the appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

These are appeals by Dainese in two cases from decrees of the Supreme Court of the District of Columbia, in one of which he was complainant, and his bill was dismissed. In the other

he was defendant, and a perpetual injunction was decreed against him. As the subject-matter of these suits is the same, they will be considered together in this court, and should have been consolidated and heard together in the court below, though two separate decrees were rendered, and separate records are presented to us.

The appellant's bill was filed first. He therein alleges, that having made a contract with one Wesley Frey, on the 29th August, 1872, for the construction of a block of frame buildings on the south side of C Street south-east, in Washington City, he applied to Adolph Cluss, inspector of buildings, exhibited to him said contract, and obtained his regular written permit to erect the buildings; that Frey entered upon the work; and, when he had so far progressed with the buildings that he was ready to put on the roof, plaintiff received on the 25th November, from said Cluss, a notification, that, unless he removed them, he, Cluss, would be compelled to take them down at once at complainant's expense. The contract for the buildings, the permit to build, and the demand to remove them, are made exhibits. The latter is based upon the ground that the buildings are not in conformity with the regulations in force in the city, and that they are of insufficient material, and dangerous to the community. The prayer of the bill is for an injunction against the appellees, constituting the board of public works, of which Cluss was a member, to prevent their interference with his buildings. On the filing of this bill a temporary restraining order was granted, and the hearing of the application for injunction set for the seventh day of December.

The record discloses no further action in this case until Jan. 4, when the answer of the appellees and the separate answer of Cluss were filed.

The answer in substance admits that the contract with Frey was shown to Cluss, and that Cluss issued a permit to build. It denies that the buildings conform to the contract or to the permit, and avers that the materials of which they are being constructed are insufficient and dangerous; and that, such being the opinion of Cluss, the inspector of buildings, the board had ordered their further construction to be arrested; and, on the failure of Dainese to conform to their requirements, they ordered that the buildings should be pulled down by the police force.

They annex as exhibits the affidavits of Morsell, Wilson, Edmonston, and Fleming, in support of their allegation of the character of the work; and also the rules and regulations respecting the construction of private buildings, prepared by them as a board of public works.

The next record entry in this case is under date of Jan. 11, 1873, and is as follows: "This cause came on to be heard on bill, answer, and affidavits. It is thereupon this day adjudged, ordered, and decreed, that complainant's bill be, and hereby is, dismissed."

On appeal to the general term, this decree was ordered to be affirmed without prejudice. What this qualification may mean we are quite at a loss to determine.

In this record there is no evidence in behalf of defendants except four affidavits filed with their answer as exhibits. There are eleven affidavits on behalf of complainant.

Adverting now to the other case, it presents a bill filed by the appellees, who compose the board of public works, against Dainese and Frey, to prevent them from proceeding with the work on the same buildings, which are the subject of the first suit. This bill was presented to Judge Wylie on the 31st December, 1872, when he granted a restraining order, and set the motion for an injunction for hearing at the City Hall, Jan. 11, 1873, at eleven o'clock A.M. The bill itself was afterwards — to wit, Jan. 2 — filed in the Supreme Court. The answer of Frey is filed Jan. 6, and that of Dainese Jan. 7; and the next action is on the eleventh of that month, when the following record entry was made: —

"This cause came on to be heard on bill, answer, and affidavits. The cause was argued by counsel. It is, thereupon, this day adjudged, ordered, and decreed, that the injunction prayed for in said bill be, and the same is hereby, made permanent."

There is found in this transcript a statement of Dr. Verdi, health-officer; of A. B. Mullett, who styles himself consulting architect of the board of public works; a protest of some twenty citizens against the buildings, also of the trustees of School District No. 3, — all of which are unsworn, and wholly without authentication.

There are but two affidavits in support of the bill, — that of Entwissle and of Wood.

The bill alleges, in the same general terms as the answer to the bill in the first suit, that the buildings were of insufficient material, dangerous to the community, and in violation of the Building Regulations, especially sects. 3, 5, 6, 9, 32, 33, 36. The answer is a specific and full denial of these allegations, and is supported by four affidavits.

There is no replication to the answer in either case, and no stipulation that the affidavits may be treated as depositions on the hearing. There is no order disposing of the application for a preliminary injunction in either case.

Taking, however, the short and sententious order of the court to be as it purports, — a final hearing on bill, answer, and affidavits in each case, — we are of opinion that the preponderance of evidence as to the only issue made is in favor of the appellant. That issue was, whether the materials were so defective as to justify the arrest of the work after so much had been done, and whether the mode of constructing the buildings endangered the public safety.

In deciding this question, the protest of citizens and of the trustees of the school district, the statement of Dr. Verdi and the certificate of Mullett, cannot be considered, because they are not affidavits, and are not evidence under any circumstances, unless by consent.

Looking to the suit against Dainese, we have his full and unequivocal denial of the charges in his answer; and also that of Frey, supported by a decided preponderance of affidavits: and though we may suspect, from the fact that several of these latter are signed with a cross, that the affiants were not the most intelligent men that could be found, they were probably mechanics engaged in the work, and fully capable of telling whether timbers were in a state of decay, or were badly put together. If it be true that the proper officer, on examining appellant's contract, gave a permit for the erection of such buildings as it contemplated, — and of this there is no denial, — the other side should make a clear case of departure from the permit, or danger to public interests, before appellant should be arrested midway in the construction of the buildings, and

have them summarily torn down, with all the necessary loss and expense to him of such a course. There is no such clear case made, and the evidence preponderates the other way; and we must, on this ground alone, reverse both decrees.

Usually, when a case in chancery has been heard, and a final decree rendered, this court, if it reverses that decree, will direct such decree as the court below should have rendered; which in this case would be to dismiss the bill of the appellees, and render a perpetual injunction against them on the bill of appellant. But, pending the appeal, the board of public works has been abolished. The buildings undoubtedly have been removed; and no injunction against their removal can restore them, or compensate the appellant for their removal.

Besides, the summary and irregular manner in which the case was tried below leaves this court in great doubt as to what was tried, and on what evidence the cases were heard.

> *On the whole, we shall order the decree of the Supreme Court of the District of Columbia to be reversed in each of the cases; that they be remanded to that court for such further proceedings, including leave to amend pleadings, as may be in accordance with equity and with this opinion. Appellant to recover his costs of appeal in both cases.*