THE STATE EX REL. LE CLAIR and others, Appellants, vs. WRIGHT, Respondent.

*November 21 — December 15, 1891.*

*Ashland municipal court: Jurisdiction: Adjournments.*

The municipal court of Ashland county, being a court of record with a seal and a clerk, and being required by law to be held in the city of Ashland in the place provided for it by said city, does not lose jurisdiction of an action when its record fails to state the place to which an adjournment was taken.

APPEAL from the Circuit Court for *Ashland* County.

*Certiorari.* Wright sued *Le Clair* and others in the municipal court of Ashland county, by summons returnable June 4, 1890, on which day, on defendants', motion, adjournment was taken till June 14th, and on said last-named day, by consent of parties, the case was further adjourned until July 14, 1890, at 9 o'clock A. M., and the following entry of such adjournment was made in the record of said court: "By consent of the parties, case adjourned to the 14th day of July, 1890, at 9 o'clock A. M." On this last adjourned day the defendants in that suit (appellants here) did not appear, and judgment was rendered against them, to reverse which appellants brought *certiorari* in the circuit court of Ashland county, and upon hearing in that court the judgment of the municipal court was affirmed. From that judgment this appeal was taken.

For the appellants the cause was submitted on the brief of *Rossman & Foster.* They cited Laws of 1889, ch. 94, sec. 3; R. S. sec. 3574, subd. 5; *Roberts v. Warren,* 3 Wis. 736; *Brown v. Kellogg,* 17 id. 475; *Brahmstead v. Ward,* 44 id. 591; *Two Rivers Mfg. Co. v. Beyer,* 74 id. 210, 223–4.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

They cited *French v. Ferguson*, 77 Wis. 121; *Anderson v. S. M. R. Co.* 21 Minn. 30; Laws of 1889, ch. 94, secs. 1, 6; *Conkey v. Northern Bank*, 6 Wis. 447.

WINSLOW, J. The sole question is whether the municipal court of Ashland county lost jurisdiction because its record does not state the place to which the adjournment was taken. It is settled law in this state that, if a justice's docket does not state the place to which a cause is adjourned, he loses jurisdiction. Does this apply to the municipal court of Ashland county? We think not. That court is a court of record, with a seal and a clerk. The general provisions of law and rules of practice applicable to circuit courts apply to it. It has jurisdiction concurrent with the circuit court in many matters, civil and criminal, and the law provides that it shall be held at the city of Ashland, in a place to be provided by said city. Ch. 94, Laws of 1889. It is reasonable that a justice of the peace should be held strictly to the rule that he must state the place of the adjournment in his docket, because it is within his power to move his office where he pleases within the town; but no such reason applies here. The municipal court must be held at the place provided by the city, and nowhere else. To name that place in the record would be unnecessary; to name any other place would be void.

*By the Court.*— Judgment affirmed.