TOURVILLE, Appellant, vs. S. D. SEAVEY COMPANY, Respondent.

*January 11—January 31, 1905.*

(1) Certiorari: *Petition: Waiver of defects.*  (2) *Municipal courts: Adjournments: Docket entries: Jurisdiction.*

1. The petition for a writ of *certiorari* should specify the jurisdictional defects relied upon, and defects not so pointed out will not be considered.
2. The municipal court of Douglas county was required by law (sec. 6, ch. 112, Laws of 1893) to be held in a room in the city hall of Superior, to be provided by said city, but discretion was given to the judge to try cases in some room in the court house of the county when he should deem it more convenient. *Held,*

that failure to state in the docket the place to which an ad-
journment was taken was not fatal to the jurisdiction, the nec-
essary inference in such a case being that the place where the
summons was made returnable was the place where the cause
would be called for trial after the adjournment.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed*.

In response to a writ of *certiorari* to review a judgment
of the municipal court of Douglas county, Wisconsin, the pro-
ceedings in regard thereto were returned to the circuit court
for such county. The petition assigned as the sole jurisdic-
tional defect that upon the return day of the summons there
was no appearance by the defendant and the cause was ad-
journed for one week, no entry being made in the docket as
to the place to which it was adjourned; that on the return
day, though the defendant did not appear and the court had
lost jurisdiction of the cause, plaintiff was permitted to make
proof of his claim and take judgment for $86.71, damages
and costs. The result of the hearing in the circuit court was
a judgment of affirmation, from which defendant appeals.

The cause was submitted for the appellant on the brief
of *D. E. Roberts,* and for the respondent on that of *H. V.
Gard.*

MARSHALL, J. As indicated in the statement, the only ju-
risdictional defect mentioned in the petition is the omission
to enter upon the court docket the place to which the trial
of the cause was adjourned. We agree with respondent's
counsel that proper practice requires the applicant in such
cases to state in his petition specifically the jurisdictional de-
fects relied upon, the court issuing the writ to regard all
others, if any there be, waived, and to affirm or reverse the
judgment or other final decision involved according to the
effect thereon thereof. There is no definite declaration to
that effect in our decided cases, neither is the practice regu-
lated by statute. It is wholly of judicial origin and came

to us with the common-law writ which was preserved in our
judicial system.    In like situations elsewhere courts in re-
viewing proceedings as to jurisdictional defects when chal-
lenged by such a writ, universally regard those not specified
as relied upon in the petition as waived.

The writ of *certiorari* is not one of strict right.    Whether
it shall or shall not issue in any given case rests in the sound
discretion of the court.    *Knapp v. Heller,* 32 Wis. 467; *State
ex rel. Schintgen v. La Crosse,* 101 Wis. 208, 77 N. W. 167.
Hence the propriety of requiring every jurisdictional defect,
upon which the petitioner intends to rely, to be plainly
pointed out and brought to the attention of the court in order
that its discretion may be intelligently exercised in passing
upon the application for the writ, and the propriety also of ex-
amining the return only as it responds to the points of chal-
lenge.    The return on such points, when it fully presents the
record, is conclusive and furnishes the sole basis for answer-
ing the question of whether the judgment should be reversed
or affirmed.    The statement in 4 Ency. of Pl. & Pr. 293, to
which respondent's counsel refers, voices the rule in that re-
gard correctly, thus:

"The petition or affidavit upon which the writ issues serves
the purpose of an assignment of errors, and no irregularities
will be considered except such as are pointed out therein, al-
though they are apparent of record."

The numerous cases cited in the note fully bear out the
text, among them being the following: *Everett v. C. R. & M.
R. Co.* 28 Iowa, 417; *Hollins v. Johnson,* 3 Head (Tenn.)
346; *Noel v. Scoby,* 2 Heisk. (Tenn.) 20; *Lyles v. Cox,* 10
Lea (Tenn.) 738; *Adams v. Fitzgerald,* 14 Ga. 36; *New
Jersey R. & T. Co. v. Suydam,* 17 N. J. Law, 69; *Curran
v. Atkinson,* 1 Ashm. (Pa.) 51.

The question of whether failure to state the place to which
the cause was adjourned was fatal to the jurisdiction is ruled
in favor of respondent by *State ex rel. LeClair v. Wright,* 80

Wis. 648, 50 N. W. 894, where upon due consideration it was held that the doctrine of *Brown v. Kellogg,* 17 Wis. 475,. and similar cases respecting necessity for strict compliance with the statute, sec. 3574, Stats. 1898, as to entering upon the docket of a justice of the peace the place to which he adjourns a case for further proceedings, should not be extended to any court required to hold its sessions at a particular place provided therefor by public authority. The reason for the strict rules as to justices is that, without such an entry as the statute requires in case of an adjournment, the parties interested would have no way of knowing where the case would again be taken up, except by the verbal declaration of the justice, and the statute plainly does not require dependence to rest on that. Such reason, of course, is entirely wanting. where the sessions of the court are required by law to be held: at a particular place. By a familiar principle, the reason for the rule failing, the rule itself has no application. See· *Snyder v. Malone, post,* p. p. 59, 102 N. W. 354.

True, there is a difference between the statute under consideration in *State ex rel. LeClair v. Wright,* and the one in· question. In the former the place for trials was required to be provided by the municipality and no discretion was given to the judge to try causes elsewhere, while in the latter the· situation is the same, except in that authority is given the judge to try cases in some room in the court house of Douglas county whenever he deems it convenient for himself, the· witnesses, or parties. Under such law the place where the· summons is made returnable, by necessary inference, is the· one where the cause will be called for trial in case of an adjournment, in the absence of some entry upon the docket made· on the day of such adjournment naming some other proper place therefor in the court house of Douglas county, and there is no better reason for applying the strict rule as to justices'· courts in such circumstances than in case of a statute not giving the discretionary authority referred to. Such strict rule·

has a legitimate basis, but it is liable to lead to much hard-ship where failure to comply with it really is not prejudicial to the one liable to invoke it.   Hence it is considered that it should be confined quite closely within the boundaries of the reason therefor.

*By the Court.*—Judgment is affirmed.