STATE EX REL. A. HYNEK & SONS COMPANY and another, Appellants, vs. BOARD OF APPEALS OF CITY OF RACINE and others, Respondents.*

*May 7—June 8, 1954.*

* Rehearing granted, opinion on rehearing post, p. 315a.

310

For the appellants there were briefs by *Foley & Foley* of Racine, for A. Hynek & Sons Company, and by *Flynn & Greenquist* of Racine, for Chester Krusienski and Julie Krusienski, and oral argument by *Jerome J. Foley, Jr., Kenneth L. Greenquist,* and by *Rex Capwell, Jr.,* of Racine.

For the respondents there was a brief and oral argument by *Thomas P. Corbett,* city attorney, and *Jack Harvey,* assistant city attorney.

BROWN, J. If the protesting letter is considered an appeal from the determination of the building inspector the record shows that it was not taken until fifty-one days had passed nor was the appeal heard for another twenty-one days after the filing of the appeal with the board. In *State ex rel.*

*Russell v. Board of Appeals* (1947), 250 Wis. 394, 397, 27 N. W. (2d) 378, we quoted with approval a Pennsylvania decision holding:

"'It is well settled . . . that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress. . . . This is particularly true of special statutory appeals from the action of administrative bodies.'" *Colteryahn Sanitary Dairy v. Milk Control Comm.* (1938), 332 Pa. 15, 1 Atl. (2d) 775, 122 A. L. R. 1049, 1056.

It is obvious that the time had passed when, under the ordinance and administrative procedure adopted by the city with legislative sanction, an appeal would lie to the Board of Appeals from the determination of the inspector to issue a building permit. The respondents, however, call attention to other provisions of the zoning ordinance which authorize applications to the Board of Appeals by interested parties to review administrative actions and decisions, and they point out that neither the ordinance nor the board's rules of procedure impose time limits on such applications or the hearings held in consequence. Respondents insist that this proceeding was a review by the Board of Appeals which was procured by the objectors but was not an appeal by them. The hearing certainly was conducted as a review by the board rather than an appeal by aggrieved persons. The objectors were not represented by counsel nor did they conduct their own case. Instead, the city attorney conducted an inquisition, calling as witnesses the building inspector, two of the objectors, the city planning superintendent, and appellant Krusienski. The appellants were then permitted to call witnesses of their own. Respondents' brief informs us that the objecting property owners could not appeal from the decision of the building inspector because they were not parties to the proceeding before him.

"Their recourse was to apply to the courts for relief under the provisions of section 62.23 (8) of the Wisconsin statutes,

or to apply to the Zoning Board of Appeals to exercise its right of review under the provisions of section 16.17 (2) (a) of the Racine zoning ordinance.

"Petitioners chose this latter method."

We consider the record and the terms of the ordinance and rules of procedure support the argument and we adopt the theory, but it necessarily excludes consideration of the individual rights of the objecting property owners, removes them as parties to the proceeding and restricts the review by the Board of Appeals to the *city's* right to revoke the permit granted by its building inspector.

The permit was issued by the proper city official intrusted with that function with full knowledge of the presence of a studio in the structure and the use to which that studio was to be put. He testified that he had been city building inspector for twenty-four years and that he considered the use proper under the exceptions permitted by the zoning ordinance in one-family residence zones. His knowledge and his action were those of the city. The city then stood by from May 21st to July 9th while construction proceeded in reliance on the permit. There is no testimony in respect to the amount of money expended by that date but there is evidence that a substantial amount of labor and material had been incorporated in the building and the expense could not be other than substantial before the city acted to halt the work. Under these facts we consider the city, acting through another agency (the Board of Appeals), is estopped to interfere with the work undertaken in reliance on its building permit and in compliance with the plans and other information upon which the permit was issued. Though the facts in *Dainese v. Cooke* (1875), 91 U. S. 580, 23 L. Ed. 251, were different in that the city revoked the building permit for the alleged use of improper building materials, the principle governing the decision is applicable here. The court said (p. 583):

"If it be true that the proper officer, on examining appellant's contract, gave a permit for the erection of such buildings as it contemplated,—and of this there is no denial,—the other side should make a clear case of departure from the permit, or danger to public interests [fire hazard], before appellant should be arrested midway in the construction of the buildings, and have them summarily torn down, with all the necessary loss and expense to him of such a course."

In *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, we applied the equitable principle to protect an owner who with the acquiescence of the city, which had full knowledge, had proceeded with a building and had incurred expense in reliance on rights given him by an ordinance.

Our conclusions are that the Board of Appeals had jurisdiction to review the act or decision of the building inspector but that such a review was a proceeding by the city in its own behalf; though it was instigated by the complaints of private citizens, the private rights of such citizens were not material to the review nor affected by the result; that the city's conduct under the circumstances has estopped it from interference with appellants' construction or use of the building so long as that conforms to the representations upon which the building permit was issued. Nothing herein, however, is *res adjudicata* as to the rights of private citizens to avail themselves of relief to which they may believe themselves entitled under sec. 62.23 (8), Stats., or otherwise. As to such questions we consider it would be improper for us now to express an opinion.

*By the Court.*—Judgment reversed, and cause remanded with directions to allow the writ of certiorari and to enter judgment thereon vacating the order of the Board of Appeals of the city of Racine in its entirety. On motion of appellants conforming to Rule 10, it is ordered that they shall have costs for printing their entire brief, though it exceeds 50 pages.

A motion for rehearing was granted on September 29, 1954, and oral argument was heard October 7, 1954.

For the appellants there was a brief by *Foley & Foley* of Racine, for A. Hynek & Sons Company, and by *Flynn & Greenquist* of Racine, for Chester Krusienski and Julie Krusienski, and oral argument by *Kenneth L. Greenquist* and by *Rex Capwell, Jr.,* of Racine.

For the respondents there was a brief and oral argument by *Thomas P. Corbett,* city attorney, and *Jack Harvey,* assistant city attorney.

A brief was filed by *Robert D. Sundby* of Madison, for the League of Wisconsin Municipalities, as *amicus curiae.*

The following opinion was filed November 9, 1954:

PER CURIAM (*on reargument*). Respondents moved for rehearing to protest our consideration of the question of the estoppel of the city to reverse the action of the city building inspector. Rehearing and reargument were granted. Respondents then contended that upon certiorari the issues are limited to those raised by the petition for the writ. Their citation of authority convinces us that the point is well taken.

"Sec. 62.23 (7) (e) 10. Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board, or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of appeals."

"The petitioner makes a point that the property or part of it subjected to the levy was not of such a nature as to have a situs in Montana or to be amenable to process issuing from her courts. No such point was made in the record of the proceedings in the court below. No such point was made in this court in the petition for certiorari to bring the case here

for review. It will not be considered now." *Clark v. Williard* (1935), 294 U. S. 211, 216, 55 Sup. Ct. 356, 79 L. Ed. 865, 98 A. L. R. 347, 351.

"The writ of certiorari is not one of strict right. Whether it shall or shall not issue in any given case rests in the sound discretion of the court. *Knapp v. Heller,* 32 Wis. 467; *State ex rel. Schintgen v. La Crosse,* 101 Wis. 208, 77 N. W. 167. Hence the propriety of requiring every jurisdictional defect, upon which the petitioner intends to rely, to be plainly pointed out and brought to the attention of the court in order that its discretion may be intelligently exercised in passing upon the application for the writ, and the propriety also of examining the return only as it responds to the points of challenge. The return on such points, when it fully presents the record, is conclusive and furnishes the sole basis for answering the question of whether the judgment should be reversed or affirmed. The statement in 4 Ency. of Pl. & Pr. 293, to which respondent's counsel refers, voices the rule in that regard correctly, thus:

" 'The petition or affidavit upon which the writ issues serves the purpose of an assignment of errors, and no irregularities will be considered except such as are pointed out therein, although they are apparent of record.' " *Tourville v. S. D. Seavey Co.* (1905), 124 Wis. 56, 58, 102 N. W. 352.

Appellants' petition for a writ of certiorari alleged:

*"Eighth:* That the plaintiffs allege that the afore-described and annexed decision is wholly illegal in that:

"(1) Evidence taken at said hearing before said Board of Appeals was inadmissible and should not have been considered by the Board of Appeals in passing upon the questions involved;

"(2) Thomas P. Corbett, city attorney for the city of Racine, a municipal corporation, acted in the capacity as attorney for the objecting petitioners at said hearing before said Board of Appeals, and did not represent Peter Brown, building inspector, who had issued the building permit in the first instance, and therefore a fair, complete, and impartial hearing was not had;

"(3) No consideration was given by the Board of Appeals to the question of laches on the part of the objecting petitioners relating to the time on which they objected to the issuance of the building permit;

"(4) Such decision is based upon an interpretation of the zoning ordinance of the city of Racine, which is unreasonable, illegal, and unconstitutional;

"(5) Such decision ignores the plain language, meaning and intent of the Racine zoning ordinance relating to the permitted uses of professional offices and home occupations in residential areas;

"(6) The decision is based upon an erroneous interpretation of the applicable sections of the Racine zoning ordinance."

None of these assignments deal with the power of the city Board of Appeals to hold a review or with its estoppel, as contrasted to the estoppel or laches of the objecting petitioners. Upon reconsideration, we conclude that in the absence, from the application for the writ, of a specification concerning the laches or estoppel of the city it would have been improper for the trial court to consider that question and it is equally improper for us to consider and ground a decision upon it.

We withdraw the decision accordingly and limit our consideration of the issues to those listed in the petition for a writ of certiorari.

Paragraph Eighth (1) of appellants' petition refers to testimony by the director of planning of the city of Racine. In response to a hypothetical question he testified that the proposed use of appellants' building was neither a use as a professional office nor a home occupation, as they are defined in the ordinance. In *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 291 N. W. 745, we held that testimony by an expert that the use of the property by the owner constituted an abandonment of a nonconforming use was an opinion as to the law in the controversy and was incompetent. The testimony of the witness here that the proposed use is not per-

mitted under the ordinance is incompetent for the same reason but we cannot reverse the Board of Appeals on account of it, as we reversed the trial court in the *Hunt Case*. In the *Hunt* matter the expert did not testify before the board. The board had found and determined that the nonconforming use had not been abandoned within the meaning of the ordinance. On certiorari the circuit court reversed the board after taking additional testimony as permitted by sec. 62.23 (8) (b), Stats. That was when the incompetent evidence came in. We reinstated the decision of the board, saying (p. 367) :

"The case is certiorari. When certiorari is invoked to review the action of an administrative board, the findings of the board upon the facts before it are conclusive if in any reasonable view the evidence sustains them. *Wisconsin Labor R. Board v. Fred Rueping L. Co.* 228 Wis. 473, 493, 279 N. W. 673. Under this rule the appeal board's view of the facts, so far as they appear from its decision, must be accepted as final and conclusive upon the trial court and upon us. The statutory provision for review by certiorari of the board's action, to the effect that the court may take further evidence and may consider it in reaching its determination, may warrant the court's overriding the board's findings of fact if the additional evidence received shows them to be erroneous, but where as here the additional evidence is incompetent it cannot be given that effect however it might be if it were competent. The view of the board that the owner did not intend to abandon the right of use of the building as a fraternity house but that the use of it for a residence was intended to be only temporary until opportunity should arise to sell it for that purpose, must therefore be upheld and given whatever legal effect it has."

At present we deal with the determination of the board itself, having the conclusive quality just noted in the quotation from the *Hunt Case*. Unlike the trial court in the *Hunt Case,* this board had much competent evidence before it respecting the proposed use of the property and which supports the board's determination.

Eighth (2) appears to us to be a matter of procedure within the discretion of the board in conducting the review. Appellants' appendix does not point out any timely objection by them to this procedure. The city attorney called the building inspector as a witness, which permitted appellants to cross-examine. The inspector gave his interpretation of the zoning ordinance, which was favorable to appellants. We can find no prejudice to appellants resulted from this procedure and cannot base a reversal on this paragraph of the petition for the writ.

Eighth (3) is disposed of in our original opinion in which we held that this is not an appeal by objectors and the question of their laches is not now involved.

Eighth (4), (5), and (6) refer to the decision by the Board of Appeals that the zoning law does not permit appellants' proposed use of the premises to be either professional-office or a home-occupation use. These terms are defined by the ordinance.

"Sec. 16.04 (29) *Professional Office:* The office of a doctor, practitioner, dentist, minister, architect, landscape architect, professional engineer, lawyer author, musician, or other recognized profession. When conducted in a residential district a professional office shall be incidental to the residential occupation—not more than 25% of the floor area of only one story of a dwelling unit shall be occupied by such office and only one name plate, not exceeding one square foot in area, containing the name and profession of the occupant of the premises, may be exhibited."

"Sec. 16.04 (18) *Home Occupation:* A gainful occupation conducted by members of the family only, within their place of residence, provided that the space used for the conduct of such home occupation is incidental to residential use and that no article is sold or offered for sale on the premises except such as is produced by such occupation, and no stock is kept or sold, and no mechanical equipment other than such as is permissible for domestic use is installed."

We are unable to hold that a decision by the Board of Appeals that a photographer is not a practitioner or that his trade or business is unrecognized as a profession in the common use of those terms or as defined in the ordinance is illegal or unreasonable or unconstitutional.

. The evidence showed that appellants Mr. and Mrs. Krusienski expected to move much of the equipment of their commercial studio to the residence and to conduct there the picture-taking part of their photography business. It appears to us that the term of "home occupation" requires considerable stretching to make it applicable to an established business which is simply moved from a commercial neighborhood to a residential one, there to be conducted in a part of the structure designed for that purpose alone and not for living quarters, although the remainder of the building is designed and will be used for a residence. At any rate, the board did not act unreasonably, illegally, or unconstitutionally, as appellants charge in refusing to hold that such use was what the ordinance meant by a home occupation.

On reargument the appellants called our attention to *Crow v. Board of Adjustment of Iowa City* (1939), *227* Iowa, 324, 288 N. W. 145. The case is much like the one before us now and holds that when the applicant has made full disclosure and a building permit is then granted by the proper city official upon a reasonable interpretation by him of the applicable ordinance, the permit is valid in its inception and by proceeding in reliance on it the property owner secures a vested right which the board could not extinguish by a subsequent different, though in itself reasonable, interpretation of the terms of the ordinance.

Under some circumstances this authority would receive respectful consideration, but it goes to the legal right of the board to revoke a permit so issued while (except for the laches of the objectors, which is not involved here, as we

held in the original opinion), the petition for this writ does not question the right of the board to revoke if it reasonably construes the meaning of the ordinance's provisions contrary to the construction of the building inspector. The illegality charged by the petition is illegality due to an erroneous construction by the board of the meaning of certain terms. It is not an allegation that the board lacked power to revoke because the inspector's interpretation was reasonable. The principle of the *Crow Case, supra,* is not available to appellants because not within the issues set forth by the petition for the writ of certiorari.

Since we are not persuaded that prejudicial error was committed in the hearing before the board nor that the board's construction of the ordinance is illegal or unconstitutional and are persuaded that, as an original proposition, the construction is not unreasonable, we must affirm the judgment of the circuit court which sustained it.

Previous mandate vacated. Judgment affirmed.