STATE EX REL. BEIERLE, Appellant, v. CIVIL SERVICE COMMISSION OF THE CITY OF CUDAHY and others, Respondents.

*No. 61. Argued November 26, 1968.—Decided January 7, 1969.*
(Also reported in 163 N. W. 2d 606.)

214

For the appellant there was a brief and oral argument by *David F. Kopplin* of Milwaukee.

For the respondents there was a brief and oral argument by *James E. Boren* of Cudahy, city attorney.

HALLOWS, C. J.   While Beierle argues three grounds for reversal, all of them merge into the question of whether the interpretation by the Civil Service Commission of the City of Cudahy of sec. 12.04 (7) of the Cudahy city code was reasonable. The material facts are not in dispute. The appellant sold his electrical business to Phillips, partly for cash and a promissory note of $4,000 payable in two instalments within two years. While he continued to finish work in process through employees, this work does not seem to have been the basis for his discharge.

The acts complained of consist in making eight applications for electrical permits in the city of Milwaukee as a master electrician on behalf of Phillips because Phillips was not qualified to do so. These applications were made between August 31, 1965, and March 3, 1966. The appellant testified he went to Milwaukee to apply for these permits but he did not work on the jobs, do any wiring, go to the jobsites, or receive any compensation. His interest was solely to see Phillips get the jobs so Phillips would be able to pay the appellant the deferred purchase price of the business. In making these

applications, the appellant was required to represent he was a full-time employee or acting in a supervisory capacity for Phillips. Thus in making these applications, the appellant either intended to obtain them through fraud or misrepresentation or he intended to perform his duties as a master electrician for Phillips. The commission apparently took the view the appellant was in fact acting for Phillips and also that certain payments made contrary to the sales contract represented something more than payments on accounts receivable which were not sold to Phillips.

The scope of review by writ of certiorari of an administrative agency's action has been the subject of many recent pronouncements by this court. In respect to the sufficiency of the evidence, we said in *State ex rel. Ball v. McPhee* (1959), 6 Wis. 2d 190, 94 N. W. 2d 711, the review was limited to whether the evidence was such that the agency might "reasonably" make the order or determination in question. This somewhat nebulous test of reasonableness has been followed in subsequent cases.[1] In *Wasilewski,* we said in effect that findings are conclusive if in any reasonable view the evidence sustains them. This rule is of some years standing. *State ex rel. A. Hynek & Sons Co. v. Board of Appeals* (1954), 267 Wis. 309 (rehearing 315a), 64 N. W. 2d 741, 66 N. W. 2d 623; *Wisconsin Labor Relations Board v. Fred Rueping Leather Co.* (1938), 228 Wis. 473, 493, 279 N. W. 673.

In *Copland v. Department of Taxation* (1962), 16 Wis. 2d 543, 114 N. W. 2d 858, in respect to the test of substantial evidence as set forth for a review of an administrative agency in ch. 227, Stats., we equated reasonable-

[1] *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. 2d 243, 255, 111 N. W. 2d 198; *State ex rel. Dietrich v. Miller* (1964), 25 Wis. 2d 371, 374, 130 N. W. 2d 768; *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. 2d 77, 82, 133 N. W. 2d 799; *State ex rel. Kaczkowski v. Fire & Police Comm.* (1967), 33 Wis. 2d 488, 500, 148 N. W. 2d 44, 149 N. W. 2d 547; *Westgate Hotel, Inc. v. Krumbiegel* (1968), 39 Wis. 2d 108, 115, 158 N. W. 2d 362.

ness with substantial evidence in view of the whole record with such relevant evidence as a reasonable man might accept as adequate to support a conclusion. *See also Stacy v. Ashland County Dept. of Public Welfare* (1968), 39 Wis. 2d 595, 159 N. W. 2d 630; *Gateway City Transfer Co. v. Public Service Comm.* (1948), 253 Wis. 397, 34 N. W. 2d 238; *Ashwaubenon v. State Highway Comm.* (1962), 17 Wis. 2d 120, 115 N. W. 2d 498.

In applying the substantial evidence test, this court in *Stacy v. Ashland County Dept. of Public Welfare, supra,* after observing the test of sufficiency of the evidence was no different under the writ of certiorari than under sec. 227, Stats., stated this court "must evaluate the evidence, which has been determined to be credible and accepted by the trier of the fact to see if its sufficiency reaches that degree of substantiality in terms of burden of proof to support a finding or of convincing power that reasonable men acting reasonably might reach the decision the administrative agency did."

The Cudahy city code in sec. 12.04 (7) provides:

"12.04 **Electrical Inspection Department**

" (7) *Not to Engage in Electrical Business*

"It shall be unlawful for the Electrical Inspector to engage in the business of electrical wiring and construction either directly or indirectly, and he shall have no financial interest in any concern engaged in such business in the City of Cudahy while holding office as Electrical Inspector."

We think the commission could reasonably conclude the appellant's actions were more than an ordinary relationship of debtor and creditor. An ordinary debtor and creditor relationship for a small amount of money, and nothing more, might not constitute a financial interest within the meaning of this section, but the commission could view Beierle's activity of soliciting business for the debtor who owed him the major part of the purchase

price of the business as constituting a financial interest. While this relationship might reasonably be argued not to be within the meaning of the city ordinance because it did not represent a proprietory interest, we cannot say the construction placed upon the term "financial interest" by the commission is an unreasonable one. Financial interest within the meaning of this section might be reasonably broader than proprietory interest.

The purpose of this municipal ordinance is to require full devotion to public duty and to insure freedom from situations which might give rise to a conflict of interest in a public official. Such an ordinance should be read in favor of the public and for the protection of the public. Public officials cannot object if they are held to a strict accounting of their stewardship of public business. This is not a case of changing the rules during employment. The municipal ordinance was in existence and actually was not observed during the probationary period, but apparently this was overlooked.

*By the Court.*—Judgment affirmed.