HUMPHREY J. LYNCH, District Attorney, Dane County
You have raised two questions relating to Aid to Families with Dependent Children (AFDC). Your questions specifically concern sec. 49.19 (6), Stats., which provides that an AFDC mother may be required, under certain circumstances, to seek gainful employment.
Your first question, whether the Talmadge Amendment to the Work Incentive Program (WIN) has any effect on the validity of sec.49.19 (6), Stats., must be answered negatively. The statute in question provides as follows:
"The county agency may require the mother to do such remunerative work as in its judgment she can do without detriment to her health or the neglect of her children or her home; and may prescribe the hours during which the mother may work outside of her home."
In Stacy v. Ashland County Department of Public Welfare (1967),39 Wis.2d 595, 159 N.W.2d 630, it was argued that sec. 49.19
(6), Stats., is contrary to the purposes of the Social Security Act in that it does not allow the mother of dependent children to remain in the home. The court found that the application of the "employable mother" doctrine under the circumstances of the Stacy
case was not necessarily antagonistic to the purpose of AFDC Program. It is to be noted that the constitutionality of sec.49.19 (6), Stats., was assailed by the appellants on the ground that it lacked clearly definable standards. The court declined to consider this issue since no evidence had been presented and ruled upon by the court below. The court concluded that because the appellant was without adequate cause in refusing to accept employment, her grant of aid to families with dependent children was properly suspended. *Page 121 
The meaning of sec. 49.19 (6), Stats., as interpreted by the court in the Stacy case, supra, has not been substantially affected by the 1971 Talmadge Amendment (P.L. 92-223 approved December 28, 1971) to the WIN program.
The WIN program was designed to provide opportunities to AFDC recipients to enter productive employment or training under the Secretary of Labor. When such recipients refuse to participate in the training or work project the Talmadge Amendment requires a hearing plus counseling thereafter. The Act, as amended, is silent as to whether a termination of AFDC benefits is permissible in the event the methods specified are unproductive. Since the Act does not prohibit the termination of benefits, it would appear that such action by the county agency, after all methods fail, is in accord with the purposes of the WIN program.
The state of Georgia has an employable mother regulation under its state plan for AFDC similar to that of Wisconsin. In Andersonv. Burson (1968 DC GA), 300 F. Supp. 401, a federal district court concluded that Georgia's regulation did not violate any of plaintiff's constitutional or statutory rights because, it said, there was no federally protected right of a mother to refuse employment.
Your second question is whether sec. 49.19 (6), Stats., denies equal protection to female parents as guaranteed by theFourteenth Amendment to the United States Constitution.
In King v. Smith (1968), 392 U.S. 309, 88 S.Ct. 2128, the court noted that the 74th Congress intended to protect a specialized group of children when the AFDC law was originally enacted. That group of children, it said, were members of families without a breadwinner, wage earner or father. To describe the sort of breadwinner that it had in mind, Congress employed the word, "parent." 392 U.S. 329.
Since male parents are regarded as the family breadwinners, deprivation of financial support of a child usually results from absence, death or incapacitation of the male parent rather than the female parent. Where an able-bodied and employable father refused to work, a District of Columbia court held that his children were not dependent in terms of the AFDC program. Trullv. District of Columbia Department of Public Welfare (1970),268 Atl. 2d 859. *Page 122 
Moreover, where a father refused to accept day care services to enable him to go to work, an Arizona court found him to be ineligible for AFDC benefits. Graham v. Shaffer (1972),498 Pa. 2d 571.
The foregoing cases suggest that there is no eligibility for AFDC where the male parent refuses to work. Under these circumstances deprivation of support is caused by the failure to work. It is not occasioned by death, absence or incapacitation of the breadwinner in terms of basic eligibility requirements under sec. 49.19 (1), Stats. Accordingly, I am of the opinion that there is no factual basis which invokes the Equal Protection Clause.
RWW:WLJ