CITIZENS FOR SENSIBLE ZONING, INC., Respondent, v. DEPARTMENT OF NATURAL RESOURCES, and others, Appellants.

Supreme Court

*No. 76–132. Argued September 6, 1978.—
Decided June 29, 1979.*
(Also reported in 280 N.W.2d 702.)

806

For appellant Department of Natural Resources there were briefs by *Bronson C. La Follette,* attorney general, and *John E. Kofron,* assistant attorney general, and oral argument by *Shari Eggelson,* assistant attorney general.

For the respondent there was a brief by *Richard O. Wright* and *Thompson & Wright* of Oxford, and oral argument by *Richard O. Wright.*

SHIRLEY S. ABRAHAMSON, J.    The Wisconsin Department of Natural Resources (DNR) appeals from an order of the circuit court for Columbia County denying DNR's motion to dismiss the declaratory judgment action commenced by Citizens for Sensible Zoning, Inc., challenging the flood plain ordinance adopted by the DNR pursuant to sec. 87.30, Stats. 1973. We reverse the order.

Pursuant to sec. 87.30(1), Stats. 1973,[1] upon petition of twelve freeholders in Columbia County the DNR held hearings and on February 22, 1974, issued an order fix-

---

[1] Sec. 87.30(1), Stats. 1973, provides:

"87.30 **Flood plain zoning.** (1) STATE POWERS. If any county, city or village does not adopt a reasonable and effective flood plain zoning ordinance by January 1, 1968, the department shall upon petition of an interested state agency, a municipality, 12 or more freeholders, or upon its own motion as soon as practicable and after public hearing, determine and fix by order the limits of any or all flood plains within such county, city or village within which serious damage may occur. Thereafter the department shall as soon as practicable after public hearing adopt a flood plain zoning ordinance applicable to such county, city or village. Thirty days' notice of all hearings on flood plain determination or zoning before the department shall be given to the county, city or village clerk, the clerks of all towns where lands may be affected and to the highway commission. The department of transportation shall keep an official record of all proceedings. Exhibits and testimony shall be a part of the official record. Failure of a county, city or village to adopt a flood plain zoning ordinance for an area where appreciable damage from floods is likely to occur or to adopt an ordinance which will result in a practical minimum of flood damage in an area

ing the limits of a flood plain in the unincorporated areas of Columbia County. On March 24, 1975, after further public hearings, the DNR issued an order which found that Columbia County had not enacted a reasonable and effective flood plain zoning ordinance and which adopted a zoning ordinance for the delineated flood plain.

After the DNR delineated the Columbia County flood plain but before it held hearings on a proposed flood plain zoning ordinance, Citizens for Sensible Zoning, Inc. (CSZ) was incorporated with its stated purpose being to promote fair and just zoning laws and ordinances for Columbia County. Most if not all of the members of CSZ then had interests in land lying within the newly delineated Columbia County flood plain. The individuals who had organized CSZ had appeared at the previous hearings concerning the delineation of the flood plain, and CSZ representatives appeared and participated at

shall be prima facie proof of the necessity for action specified herein by the department. The department shall make a decision in writing of insufficiency of any county, city or village flood plain zoning ordinance before adopting an ordinance superseding such county, village or city ordinance. All final orders, determinations or decisions made under this subsection shall be subject to review under ch. 227 and be effective 20 days after the same have been served unless such order, determination and decision specifies a different date upon which the same shall be effective. Such flood plain determination and zoning ordinance shall be of the same effect as if adopted by the county, city or village. Thereafter it is the duty of the county, city, village and town officials to administer and enforce the ordinance in the same manner as if the county, city or village had adopted it. Flood plain determinations and zoning ordinances so adopted may be modified by the county, city or village concerned only with the written consent of the department except that nothing in this subsection shall be construed to prohibit a county, city, village or town from adopting a flood plain ordinance more restrictive than that adopted by the state. The cost of such flood plain determination and ordinance promulgation and enforcement by the state shall be assessed against the county, city or village concerned and collected in substantially the same manner as other taxes levied by the state."

the DNR hearing on the proposed flood plain ordinance.

No one sought judicial review of either the February 22, 1974 DNR order delineating the flood plain or the March 24, 1975 DNR order adopting the flood plain ordinance.

On February 17, 1976, more than ten months after the DNR promulgated the Columbia County flood plain zoning ordinance, CSZ sought a declaratory judgment in the circuit court for Columbia County under sec. 269.56, Stats. 1973,[2] that the DNR flood plain zoning ordinance and sec. 87.30, Stats. 1973, were invalid. CSZ also prayed that the DNR, Columbia County, and the Columbia County Zoning Administrator be enjoined from enforcing the DNR-promulgated zoning ordinance against members of CSZ.

DNR moved to dismiss the counts of the complaint which challenged the DNR's flood plain zoning ordinance on the ground that the DNR's adoption of the ordinance pursuant to sec. 87.30 is reviewable under sec. 227.15, Stats. 1973,[3] that such judicial review is exclusive, and that CSZ having failed to seek judicial review within the thirty-day time limit prescribed for such review by sec. 227.16(1),[4] Stats. 1973, is barred from seeking re-

[2] This section has been renumbered sec. 806.04, Stats., effective January 1, 1976. Wisconsin Rules of Civil Procedure, 67 Wis.2d 718–21 (1975); ch. 218, sec. 175, Laws of 1975.

[3] Sec. 227.15, Stats. 1973, provides:

"**Judicial review; orders reviewable.** Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of revenue, the commissioner of banking and the commissioner of savings and loan, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

[4] Sec. 227.16(1), Stats. 1973, provides:

"**Parties and proceedings for review.** (1) Except as otherwise specifically provided by law, any person aggrieved by a decision

view. The DNR appeals from the order of the circuit court denying its motion. We reverse the order and remand the cause.

Sec. 87.30(1), Stats. 1973, authorizing the DNR to promulgate a county flood plain zoning ordinance, prescribes these administrative proceedings and actions:

(1) The DNR, after public hearing, "determines" and fixes by "order" the limits of any or all flood plains within the county.

(2) The DNR makes a "decision" in writing of the insufficiency of a county flood plain zoning ordinance before adopting a flood plain zoning ordinance.

(3) The DNR, after further public hearing, adopts a flood plain zoning ordinance applicable to the county and superceding any county ordinance.

Section 87.30(1), Stats. 1973, provides that *"all final orders, determinations or decisions* made under this subsection shall be subject to review under ch. 227 . . . ."

specified in s. 227.15 and directly affected thereby shall be entitled to judicial review thereof as provided in this chapter. Proceedings for review shall be instituted by serving a petition therefor personally or by registered mail upon the agency or one of its members or upon its secretary or clerk, and by filing such petition in the office of the clerk of the circuit court for Dane county (unless a different place of review is expressly provided by law), all within 30 days after the service of the decision of the agency upon all parties as provided in s. 227.14 or in cases where a rehearing is requested within 30 days after service of the order finally disposing of the application for such rehearing, or within 30 days after the final disposition by operation of law of any such application for rehearing. The petition shall state the nature of the petitioner's interest, the fact showing that petitioner is aggrieved and directly affected by the decision, and the ground or grounds specified in s. 227.20 upon which petitioner contends that the decision should be reversed or modified. The petition may be amended, by leave of court, though the time for serving the same has expired. The petition shall be entitled in the name of the person serving the same as petitioner and the name of the agency whose decision is sought to be reviewed as respondent . . . ."

(Emphasis added.) Sec. 87.30(1) does not characterize the third type of administrative action it authorizes, viz. the adoption of a flood plain zoning ordinance, as a final order, determination or decision.[5] CSZ maintains that the phrase "all final orders, determinations or decisions" does not include within its scope a sec. 87.30(1) flood plain zoning ordinance and that therefore the ordinance is not subject to review under ch. 227.

We conclude that CSZ's reading of the phrase "all final orders, determinations and decisions" is contrary to the legislative intent of sec. 87.30(1), Stats. 1973. Sec. 87.30 (1) authorizes a series of proceedings and actions by the DNR that culminates in the DNR's promulgation of a flood plain zoning ordinance. The legislature set forth three interrelated aspects of flood plain zoning by the DNR: determining the limits of the flood plain; deciding whether a flood plain zoning ordinance adopted by a local unit of government is insufficient; and adopting a flood plain zoning ordinance. CSZ apparently does not contend that either of the first two types of administrative proceedings and actions authorized by sec. 87.30(1) is outside the scope of the phrase "all final orders, determinations or decisions."[6]

---

[5] Although we do not consider the label conclusive for purposes of determining the question of judicial review, we note (1) that the DNR issued the ordinance as part of its final order in the proceeding entitled "Investigation and Hearing on the Petition of Twelve Freeholders of Columbia County for the Adoption of Floodplain Zoning Ordinance Applicable to Columbia County;" and (2) that when the legislature amended sec. 87.30, Stats. (Ch. 437, Laws of 1977), it referred to "orders" of the DNR which enact local flood plain ordinances. See Note 16, *infra*.

[6] The first of these types of administrative action is characterized in sec. 87.30(1) as the "determination" and fixing by "order" of the limits of the flood plain, and the second as the "decision" regarding the sufficiency of any county flood plain zoning ordinance.

It appears that the DNR flood plain zoning ordinance cannot be reviewed fully without inquiry into the agency proceedings and actions that preceded its promulgation. Judicial review of the flood plain zoning ordinance itself will typically, as here, involve a review of the determination of the flood plain limits and of the decision regarding the sufficiency of a county flood plain zoning ordinance.[7] It is therefore appropriate that flood plain zoning ordinances adopted by the DNR be subject to review under ch. 227, the administrative procedure act. We cannot in the absence of evidence to the contrary accept the CSZ's argument that the legislature intended to exclude from review under ch. 227 the zoning ordinance, whose promulgation is the goal of the various agency actions in sec. 87.30(1), while nonetheless providing ch. 227 review for the preliminary actions.[8] We therefore conclude that a flood plain zoning ordinance adopted by the DNR pursuant to sec. 87.30(1) is a final order, determination or decision made under that section and is therefore subject to review under ch. 227, Stats.[9]

[7] CSZ's complaint challenges not only the DNR flood plain zoning ordinance itself but also DNR's determination of the limits of the Columbia County flood plain and DNR's decision that Columbia County had no sufficient flood plain zoning ordinance.

[8] We do not determine in the instant case the availability, nature or scope of judicial review of the DNR's determination of the flood plain limits or of the DNR's decision of the insufficiency of a county flood plain zoning ordinance apart from review of the DNR's flood plain zoning ordinance.

[9] Other internal evidence of the legislative intent can be found in the provision in sec. 87.30(1) that "[a]ll final orders, determinations or decsions made under this subsection shall . . . be effective 20 days after the same have been served unless such order, determination and decision specifies a different date upon which the same shall be effective." This is the only provision in sec. 87.30(1) providing for the time of effectiveness of agency actions under that section. If flood plain zoning ordinances

Although sec. 87.30 states that judicial review shall be pursuant to ch. 227, Stats., it does not specify which provisions of ch. 227, Stats., shall apply.

Chapter 227 of the statutes provides judicial review for two distinct types of administrative agency actions: rules (sec. 227.05, Stats.)[10] and administrative decisions (sec. 227.15 *et seq.*, Stats.).[11]

█

The DNR asserts that a flood plain zoning ordinance adopted under sec. 87.30 is an administrative decision and that CSZ failed to petition for review within the thirty-day time limit provided by sec. 227.16(1), Stats. 1973. We conclude however that the flood plain zoning

---

under sec. 87.30(1) are not "final orders, determinations or decisions" then that section provides no standard rule for the effective date of such ordinances.

[10] Sec. 227.05(1), (4), Stats. 1973:

"**Declaratory judgment proceedings.** (1) Except as provided in sub. (2), the exclusive means of judicial review of the validity of a rule shall be an action for declaratory judgment as to the validity of such rule brought in the circuit court for Dane county. The officer, board, commission or other agency whose rule is involved shall be the party defendant. The summons in such action shall be served as provided in s. 262.06(3) and by delivering a copy to such officer or to the secretary or clerk of the agency where composed of more than one person or to any member of such agency. The court shall render a declaratory judgment in such action only when it appears from the complaint and the supporting evidence that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights and privileges of the plaintiff. A declaratory judgment may be rendered whether or not the plaintiff has first requested the agency to pass upon the validity of the rule in question.

". . .

"(4) In any proceeding pursuant to this section for judicial review of a rule, the court shall declare the rule invalid if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without compliance with statutory rule-making procedures."

[11] *See* secs. 227.15–227.21, Stats. 1973. *See* notes 3 and 4, *supra.*

ordinance adopted by the DNR under sec. 87.30 is a rule, subject to judicial review pursuant to sec. 227.05, Stats. For that reason we hold that CSZ may not maintain the present declaratory judgment action under sec. 269.56, Stats. 1973, but may maintain an action for declaratory judgment as to the validity of the rule in the circuit court for Dane County pursuant to sec. 227.05, Stats.

The term "administrative decision" used in sec. 227.15 is not defined in chapter 227. However the term "rule" is defined in sec. 227.01(3), Stats. 1973, as follows:

"(3) 'Rule' means a regulation, standard, statement of policy or general order (including the amendment or repeal of any of the foregoing), of general application and having the effect of law, issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency."

Thus a rule for purposes of ch. 227 is (1) a regulation, standard, statement of policy or general order; (2) of general application; (3) having the effect of law; (4) issued by an agency; (5) to implement, interpret or make specific legislation enforced or administered by such agency as to govern the interpretation or procedure of such agency.

A flood plain zoning ordinance adopted pursuant to sec. 87.30 satisfies these criteria.

Although the DNR argues otherwise, we conclude that the ordinance is "a regulation . . . or general order of general application." It is not always easy to determine whether an agency action is a rule and is of general application or is a determination which affects specific parties.[12] The Columbia County flood plain zoning ordi-

[12] Professor Davis summarizes the attempt to define "rule making" as follows:

"[N]o effort to provide a precise definition of the term 'rule'

nance applies only to land within the floodplain in unincorporated areas of Columbia County. The ordinance restricts the conduct of only those persons with a legal interest in such land. Nevertheless, to be of general application, a rule need not apply to all persons within the

was wholly successful. Yet its core of meaning is generally understood and may be simply described. A rule (or a 'regulation'—a term used interchangeably with 'rule') is the product of rule making, and rule making is the part of the administrative process that resembles a legislature's enactment of a statute. Adjudication is the part of the administrative process that resembles a court's decision of a case. Admittedly this analogy to statutes and to decisions of courts is imperfect and is of little use in trying to classify borderline or mixed activities. But precise definition in the abstract is not necessarily desirable, for the same function may well be regarded as rule making for one purpose or in one context and as something else for some other purpose or in another context . . . .

"One of the most helpful definitions of rule making is that of Professor Fuchs, who concludes that rule making should be defined as 'the issuance of regulations or the making of determinations which are addressed to indicated but unnamed and unspecified persons or situations.' Another definition is that of Mr. Dickinson: 'What distinguishes legislation from adjudication is that the former affects the rights of individuals in the abstract and must be applied in a further proceeding before the legal position of any particular individual will be definitely touched by it; while adjudication operates concretely upon individuals in their individual capacity.' A definition which has produced many unsatisfactory practical results is that of Mr. Justice Holmes: 'A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power. The establishment of a rate is the making of a rule for the future, and therefore is an act legislative, not judicial. . . .' " 1 Davis, *Administrative Law*, sec. 5.01, at pp. 285–87 (1958).

*See also* 1 Cooper, *State Administrative Law*, ch. IV, sec. 2, "Rule" (1965).

state. Even though an action applies only to persons within a small class, the action is of general application if that class is described in general terms and new members can be added to the class. Thus we held that an instruction by an administrative agency applying only to partners in licensed real estate partnerships is of general application within the meaning of ch. 227. *Frankenthal v. Wisconsin Real Estate Brokers' Board,* 3 Wis.2d 249, 257b, 88 N.W.2d 352, 89 N.W.2d 825 (1958). We conclude that the Columbia County flood plain zoning ordinance is a regulation of general application.

Under sec. 227.01(3) a rule must not only have general application, but also "have the effect of law" and be "issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency." The ordinance meets both of these requirements for a rule. By sec. 87.30 the ordinance is "of the same effect as if adopted by the county." And the DNR issued the ordinance to implement sec. 87.30, which it administers.

Section 227.01(5), Stats., excludes a number of actions by an administrative agency from the definition of "rule."[13] We conclude that the DNR flood plain ordinance does not fall within any of these exclusions. Section 227.01(5)(b) excludes from the category of rules a decision or order in a contested case. "Contested case" is defined as follows:

---

[13] Sec. 227.01(5), Stats. 1973, provides *inter alia:*

"(5) 'Rule' as defined in sub. (3) does not include or mean, and the provisions of sub. (4) do not apply to, action or inaction of an agency, regardless of whether otherwise within sub. (3) or (4), which:

". . .

"(b) Is a decision or order in a contested case;

". . .

"(m) Determines water levels . . . ."

" 'Contested case' means a proceeding before an agency in which, after hearing required by law, the legal rights, duties, or privileges of any party to such proceeding are determined or directly affected by a decision or order in such proceeding and in which the assertion by one party of any such right, duty, or privilege is denied or controverted by another party to such proceeding." Sec. 227.01(2), Stats. 1973.

■

We have summarized the elements of a "contested case" as follows:

"First, there must be a hearing required by law. . . . Second, the legal rights, duties or privileges of one party must have been determined or adversely affected by the proceeding. . . . Third, the assertion of those rights, duties or privileges must have been denied or controverted by another party to the proceeding." *Daly v. Natural Resources Board*, 60 Wis.2d 208, 216, 217, 208 N.W.2d 839 (1973).

The Columbia County flood plain zoning ordinance was adopted after a hearing required by sec. 87.30. The first element of a "contested case" enumerated in *Daly* is therefore present.

The issue of whether the legal rights, duties or privileges of a party have been determined or adversely affected has been presented in a number of cases.

In *Ashwaubenon v. State Highway Commission*, 17 Wis.2d 120, 128, 115 N.W.2d 498 (1962), the issue was presented whether a commission order relocating a state arterial highway away from the population center of Ashwaubenon (to best serve the public good and public travel) was a decision in a contested case. Holding that the order was not a decision in a contested case, we stated:

"While it is arguable that 'the legal rights, duties, or privileges' of the town of Ashwaubenon are involved in the relocation of the arterial highway, we consider that such relocation will inevitably affect the rights of *everyone* in proximity to both the new and the old locations,

as well as the public at large. The town of Ashwaubenon had only the same interest in the proposed relocation as any other affected muncipality or landowner; it did not have any special kind of interest which would convert the proceedings before the highway commission into a contested case." *Id.* at 127, 128.

We contrasted the State Highway Commission's order in *Ashwaubenon* with the order of the Banking Review Board in *Hall v. Banking Board of Review,* 13 Wis.2d 359, 108 N.W.2d 543 (1961), denying permission to organize a new bank. Although the location of a bank is a matter of public concern, just as the location of a state highway is, we held that the order of the Banking Review Board in *Hall* not only resolved a question as to the public good but also disposed of a particularized and adversary contest between a proposed new bank and an existing bank. *Ashwaubenon v. State Highway Comm., supra,* 17 Wis.2d at 128.

In *Westring v. James,* 71 Wis.2d 462, 473, 474, 238 N.W.2d 695 (1976), we noted that an administrative proceeding to evaluate a proposed incorporation of a town "is a matter of public policy and statecraft and not in any sense a judicial question . . . and not a question of fact." Consequently we said that the issue of incorporation in *Westring* fell under the general aegis of *Ashwaubenon,* rather than under *Hall.* In *Westring* we set forth the distinction between a contested case and a proceeding which is not a contested case as follows:

"These proceedings . . . did not apply to a particular party, but were, rather, of a generalized nature and bore upon questions of law, policy, and discretion; that is, whether the incorporation would hinder the solution of governmental problems of the metropolitan community. The petitioners in this case lacked any 'special kind of interest' that is necessary for the finding of a contested case. The only type of interest under scrutiny in the instant case was the public interest, and whether private interests incidentally are served or not served is not a criterion under the statute.

"We accordingly conclude that there was no contested case within the meaning of sec. 227.10(2) of the Administrative Procedure Act." *Westring v. James,* 71 Wis.2d 462, 474, 475, 238 N.W.2d 695 (1976).

In the first DNR hearing in the case at hand the examiner stated that the contested issue was "what area specifically constitutes the floodplain in Columbia County." At the second hearing a second examiner stated that the contested issue was "what floodplain zoning ordinance provisions are reasonable and proper in this case so as to result in a practical minimum of flood damage in the floodplain areas previously delineated by the Department." It does not appear from the record that the rights or privileges of specifically named parties were at any time contested during these hearings.

We conclude that the DNR proceedings for the adoption of a flood plain zoning ordinance lack the particularized and adversary interests necessary for it to be characterized as a contested case. Neither CSZ nor any landowner in the county nor the county itself has the "special kind of interest" that is necessary to support the conclusion that this proceeding is a contested case. The proceedings are of a generalized nature and bear upon questions of law, policy and discretion.[14] Consequently we conclude that this proceeding is not a con-

---

[14] A zoning ordinance is a legislative act. *Kmiec v. Town of Spider Lake,* 60 Wis.2d 640, 646, 211 N.W.2d 471 (1973). The adoption of an ordinance, a legislative-type enactment, does not necessarily mean that the proceeding is not a contested case. We have not been willing to say as a general proposition that a legislative proceeding cannot be a contested case. *Ashwaubenon v. State Highway Comm.,* 17 Wis.2d 120, 127, 115 N.W.2d 498 (1962); *Hixon v. Public Service Comm.,* 32 Wis.2d 608, 621, 622, 146 N.W.2d 577 (1966); *Westring v. James,* 71 Wis.2d 462, 473, 238 N.W.2d 695 (1976). The crucial question is not characterization of the proceeding as legislative but the presence or absence of issues of adjudicative facts. Davis, *The Requirement of a Trial-Type Hearing,* 70 Harv. L. Rev. 193, 204 (1956).

tested case within the meaning of sec. 227.10 (2), Stats. 1973. The trial court similarily concluded saying:

> "The court rather concludes that there were no litigants in the usual sense. 'There is no case or controversy in the judicial sense, and therefore there are no parties, only proponents, and opponents, as in the case of proposed legislation.' Yannacore & Cohen, Environmental Rights & Remedies, Vol. 1, page 463."

The DNR points out that the hearing examiner labeled the proceedings as a contested case and followed the statutory provisions applicable to a contested case. The designation accorded the proceeding by the hearing examiner does not in fact or in law make it a "contested case." *Wisconsin Tel. Co. v. Wisconsin E. R. Board,* 253 Wis. 584, 593, 34 N.W.2d 844 (1948).

Sec. 227.01(5) (m), Stats. 1973, also excludes from the category of rules any agency action which determines water levels. We do not view the DNR's adoption of a flood plain ordinance as one which determines water levels as that phrase is used in sec. 227.01(5) (m). We believe sec. 227.01(5) (m) applies to such statutes as sec. 31.02(1), Stats., which specifically authorizes the DNR to regulate and control the level and flow of water.[15]

That the ordinance was not formally promulgated and filed as a rule under the procedure set forth in ch. 227, Stats., does not insulate the ordinance from judicial review pursuant to sec. 227.05, Stats. We so held in *Frankenthal v. Wisconsin Real Estate Brokers' Board, supra,* 3 Wis.2d at 257c.

Because the DNR's adoption of a flood plain zoning ordinance falls within the definition of rule under sec.

---

[15] *See* Wis. Leg. Council: Interim Report on Administrative Rule Making, II, ch. XXXVIII, February 1954, and Administrative Rule-Making Committee Minutes, 4–23–54, p. 45; *see also* 93 Op. A.G. 608 (1950).

227.01(3),[16] and because the administrative action is not a contested case under sec. 227.01(2), Stats. 1973, or a determination of water levels, we conclude that the ordinance should be reviewed pursuant to sec. 227.05.

The trial court found it anomalous that a flood plain zoning ordinance adopted by the DNR, which by the terms of sec. 87.30 "is to have the same effect as though adopted by the county, city or village," should not be subject to the same kind of judicial review as other municipal zoning ordinances. On appeal CSZ similarly asserts: "The ordinance, simply put, is an ordinance like any other, and all attacks on its validity must be permitted as for any other ordinance."

This point is well taken. Where an administrative determination analytically falls into more than one category

---

[16] Ch. 437, Laws of 1977, adds the following language to sec. 87.30(1): "All orders of the department under this subsection which either fix the limits of flood plains or enact local flood plain zoning ordinances shall, when they are in final draft form and before they are issued, be referred to the appropriate standing committees of the legislature, where the procedure under s. 227.018(2) shall apply. Orders of the department under this section shall, after becoming effective, be deemed rules for purposes of s. 13.56, and may be suspended by the joint committee for review of administrative rules."

The legislative note to ch. 437, Laws of 1977, comments:

"Orders adopted by the department which establish either flood plain boundaries or local flood plain zoning ordinances are to be referred to the appropriate legislative standing committees for review, using the procedure applicable to review of proposed administrative rules. Also, once effective, these orders are deemed to be rules for purposes of s. 13.56, and they can be suspended by the joint committee for administrative rules. The intent of this requirement is to give the legislature an opportunity to perform its function of overseeing the agency's use of delegated power. Following issuance of orders by the department in their final form, they will continue to be subject to judicial review under ch. 227."

Thus sec. 87.30 ordinances are viewed as administrative rules for the purposes of legislative review.

or does not fall comfortably into any category, the practical results of its classification should be considered carefully.[17] However, we do not agree that this reasoning leads to the conclusion that an ordinance adopted by the DNR under sec. 87.30 should not be subject to review under ch. 227. We believe this reasoning leads to the conclusion that the ordinance should be subject to judicial review under sec. 227.05, Stats.

A zoning ordinance adopted pursuant to sec. 87.30 is indeed to have the same effect as a county ordinance. But the procedure whereby an ordinance is adopted by the DNR and later amended differs from the procedure generally used in the adoption of a county ordinance. This difference cannot be ignored. As we previously stated, the legislature provided that agency action under sec. 87.30 is reviewable under chapter 227 because judicial review of those ordinances will typically require inquiry into administrative agency procedures and authority. But subjecting a DNR flood plain zoning ordinance to judicial review under ch. 227 does not *ipso facto* insulate it from the sort of judicial review to which a zoning ordinance promulgated by the county would be subject. We have decided that a DNR flood plain zoning ordinance under sec. 87.30 (1), Stats., is a rule, subject to judicial review under sec. 227.05, Stats. Because sec. 227.05, Stats. 1973, provides that the exclusive means of judicial review of the validity of a rule is "an action for a declaratory judgment . . . brought in the circuit court for Dane County," review under sec. 227.05 is similar to that in a proceeding for declaratory judgment under sec. 806.04, Stats., the usual means for challenging a county zoning ordinance. *Kmiec v. Town of Spider Lake,* 60 Wis.2d 640, 646, 211 N.W.2d 471 (1973).

[17] *See* 1 Davis, *Administrative Law,* sec. 5.01, at p. 286 and sec. 5.02, at p. 298 (1958).

We reverse and remand with directions to dismiss the counts of the complaint in issue in the instant case, with leave to CSZ to bring an action for declaratory judgment in the circuit court for Dane County pursuant to sec. 227.05, Stats.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.