COURT OF APPEALS
DECISION
DATED AND FILED

September 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP577**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV114

IN COURT OF APPEALS
DISTRICT I

FRIENDS OF BLUE MOUND STATE PARK,

PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Iowa County: MATTHEW C. ALLEN, Judge. *Affirmed and cause remanded for further proceedings*.

Before White, C.J., Colón, P.J., and Geenen, J.

¶1 COLÓN, P.J. The Friends of Blue Mound State Park (the Friends) appeal from an order of the circuit court dismissing its petition for judicial review of the decision of the Wisconsin Department of Natural Resources (DNR) to deny

the Friends' request for a contested case hearing on the master plan adopted for Blue Mound State Park.[1] The circuit court found that the Friends had no right to seek a contested case hearing and upheld DNR's decision. For the reasons set forth below, we agree, and therefore, we affirm and remand this matter for further proceedings consistent with this opinion.

¶2 As explained in more detail below, we conclude that the Friends did not have the right to seek a contested case hearing pursuant to WIS. STAT. § 227.42. DNR's master planning regulations require public participation in the master planning process, with the form of that public participation being within DNR's discretion, whether it be open meetings, public hearings, or another form of public participation in the master planning process. The Friends' reliance on Wisconsin's Environmental Procedure Act (WEPA), WIS. STAT. § 1.11, does not change this result. Rather, through the master planning process, members of the public are afforded the ability to present their positions and supporting materials to DNR as part of the master planning process. Granting a contested case hearing to allow for the continued presentation of information to DNR is redundant of what is already afforded as part of the master planning process. Thus, we conclude that DNR properly denied the Friends' request for a contested case hearing.

## BACKGROUND

¶3 Blue Mound State Park is a Wisconsin state park comprised of approximately 1,153 acres located in Dane and Iowa Counties and in close proximity to Madison. Among other things, the park offers scenic trails for

---

[1] This court granted leave to appeal the order. *See* WIS. STAT. RULE 809.50(3) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

hiking, off-road bicycling, snowshoeing, snowmobiling, and cross-country skiing. The park also offers camping, and the site contains a swimming pool, a playground, and a splash pad. The Friends is a small, nonprofit organization dedicated to supporting and assisting DNR in providing recreational, interpretive, scientific, historical, educational, and related visitor services to enhance the park.

¶4 On May 26, 2021, DNR adopted a master plan for the park that, among other things, provided for a snowmobile trail through the park. The master plan replaced a master plan from 1985, along with the variances to it from 2000, 2012, and 2014, and followed two plan amendments in 2016 and 2017, and a draft master plan proposed in December 2020. The master plan adopted on May 26, 2021, generally includes a description of potential impacts to the park and the region, an analysis of potential environmental impacts, and an evaluation of alternatives to DNR's chosen alternative. As particularly relevant here, DNR describes the creation of the snowmobile trail as a response to public feedback and describes the final plan for the snowmobile trail as a reopening of a former service road for "cross-park" access for snowmobilers. In fact, before the snowmobile trail was approved in the master plan, the snowmobile trail was first introduced as a possibility in the plan amendments form 2016 and 2017 and again circulated as part of the draft master plan in December 2020.

¶5 The Friends consistently opposed the snowmobile trail because of its concerns over the environmental impact the trail would have on the park and the impact the trail would have on other "silent sport" recreational activities, such as snowshoeing. The Friends told DNR of its concerns about the environmental impact the snowmobile trail would have by, among other things, sending letters to DNR during the master planning process outlining the reasons that it opposed the snowmobile trail. The record reflects that the Friends also appear to have had a

private meeting with DNR on at least one occasion to discuss the Friends' concerns over the environmental impacts the snowmobile trail would have.

¶6      On June 25, 2021, the Friends filed a petition for judicial review of the master plan in Dane County Circuit Court.[2]  The Friends maintained that DNR failed to conduct an adequate environmental analysis of the impact the snowmobile trail would have on the park and failed to justify that the snowmobile trail was safe or needed.  The Friends further maintained that DNR did not comply with WEPA, WIS. STAT. § 1.11, or the master planning laws when it prepared the master plan.  According to the Friends, the master plan was "patently unlawful" for several reasons, including that the environmental assessment did not "constitute an assessment of anything," did not sufficiently identify alternatives, did not fully analyze the environmental harm of the snowmobile trail, and gave "short shrift" to public comments.  The Friends further alleged that DNR was required to prepare a full environmental impact statement (EIS).

¶7      Also on June 25, 2021, the Friends filed a petition with DNR for a contested case hearing pursuant to WIS. STAT. § 227.42(1).   The Friends contended that a contested case hearing would allow it to present additional "testimony, exhibits, and arguments" on the deficiencies in the master plan, including additional evidence on the environmental and economic impacts of the snowmobile trail.  For example, the Friends referenced evidence related to the rusty patch bumblebee and the lack of effort DNR made to investigate whether the

_____

[2] The Friends also named the Wisconsin Natural Resources Board (NRB) as a respondent.  Prior to the first appeal, the circuit court found that the NRB was not a proper party, and the Friends did not challenge this aspect of the circuit court's decision.  *Friends of Blue Mound State Park v. DNR*, 2023 WI App 38, ¶3 n.2, 408 Wis. 2d 763, 993 N.W.2d 788.

bumblebee could be found in the snowmobile trail area. The Friends also referenced the ability to engage in silent sport recreational activities, such as snowshoeing, with the creation of the snowmobile trail.

¶8    On July 15, 2021, DNR denied the Friends' petition for a contested case hearing. As relevant to this appeal, DNR found that master planning was a discretionary decision of DNR and, therefore, the Friends had no right under WIS. STAT. § 227.42(1) to a contested case hearing on master planning decisions by operation of an exception found in § 227.42(3) for hearings held at the agency's discretion that are "expressly authorized by law." The Friends then filed a second petition for judicial review in Dane County Circuit Court on August 13, 2021, seeking review of DNR's denial of the Friends' request for a contested case hearing on the master plan.[3] The Friends' second petition for judicial review was consolidated with its prior petition for judicial review, and venue was transferred to Iowa County Circuit Court.

¶9    DNR moved to dismiss the petitions on the grounds that the Friends lacked capacity to sue and standing. The circuit court agreed and dismissed the petitions. The Friends appealed, and in *Friends of Blue Mound State Park v. DNR*, 2023 WI App 38, 408 Wis. 2d 763, 993 N.W.2d 788, we concluded that the Friends had both capacity to sue and standing. *Id.*, ¶1. Therefore, we reversed and remanded for further proceedings. *Id.*

---

[3] It appears that the petition for judicial review the Friends' filed with Dane County Circuit Court on August 13, 2021, along with the several other documents reflected in circuit court entries for Dane County Circuit Court Case No. 2021CV1955, were not made a part of the record at the time of consolidation. We were able to locate a copy of the second petition attached to a separate filing, but on remand, the record should be completed with any missing documents.

¶10 On remand, the parties turned to the issue of whether DNR properly denied the Friends' petition for a contested case hearing on the master plan. Following briefing on the matter, the circuit court issued a written decision that upheld DNR's decision to deny the Friends' request for a contested case hearing. Similar to DNR, the circuit court found that the laws governing the master planning process provided DNR with discretion over whether to hold hearings during the master planning process, and therefore, the Friends was not entitled to a contested case hearing under WIS. STAT. § 227.42(1) by operation of the exception found in § 227.42(3) for "actions where hearings at the discretion of the agency are expressly authorized by law."

¶11 The Friends appealed.[4] All proceedings related to the first petition for judicial review that raised substantive challenges to the master plan have been stayed pending appeal of the decision to deny the Friends a contested case hearing on the master plan.

## DISCUSSION

¶12 On appeal, the Friends raise two main arguments challenging DNR's decision to deny the Friends a contested case hearing at which it could present additional evidence on the issue of the snowmobile trail at the park. First, the Friends argue that it has a right to seek a contested case hearing on a master plan under WIS. STAT. § 227.42(1) because DNR incorrectly found that the master planning laws trigger an exception to § 227.42(1) and because WEPA requires

---

[4] After determining that we had jurisdiction over what appeared to be a nonfinal order, we granted the Friends leave to appeal.

DNR to grant the Friends a hearing. Second, the Friends argue that it meets the statutory requirements found in § 227.42(1) for a contested case hearing.[5]

¶13    We conclude that the Friends has failed to meet the threshold requirement of being able to seek a contested case hearing because the master planning laws trigger an exception to WIS. STAT. § 227.42(1). As a result of our conclusion that the Friends are not entitled to a contested case hearing, we do not address the Friends' second argument that it meets the statutory requirements for a contested case hearing. *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

### I.    Standard of Review

¶14    "When an appeal is taken from a circuit court order reviewing an agency decision, we review the decision of the agency, not the circuit court." ***Lake Beulah Mgmt. Dist. v. DNR***, 2011 WI 54, ¶25, 335 Wis. 2d 47, 799 N.W.2d 73 (citation omitted). We "shall not substitute [our] judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." WIS.

---

[5] The requirements for a contested case hearing as found in WIS. STAT. § 227.42(1) are:

> (a) A substantial interest of the person is injured in fact or threatened with injury by agency action or inaction;
>
> (b) There is no evidence of legislative intent that the interest is not to be protected;
>
> (c) The injury to the person requesting a hearing is different in kind or degree from injury to the general public caused by the agency action or inaction; and
>
> (d) There is a dispute of material fact.

STAT. § 227.57(6). "[D]ue weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved." Sec. 227.57(10). However, we "shall accord no deference to the agency's interpretation of law." Sec. 227.57(11).

¶15 Review of DNR's denial of the Friends' petition for a contested case hearing requires us to interpret the master planning laws and the laws governing contested case hearings. "The interpretation of a statute is a question of law that we review de novo." *E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶16, 335 Wis. 2d 720, 800 N.W.2d 421. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning." *Id.* Additionally, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

## II. The Friends' Right to a Contested Case Hearing

¶16 In this case, the Friends sought a contested case hearing pursuant to WIS. STAT. § 227.42(1), in order that it might have an opportunity to present evidence supporting what it alleged were deficiencies in the master plan and concerns over the snowmobile trail. This statute governing contested case hearings provides:

> [A]ny person … shall have the right to a hearing which shall be treated as a contested case if:
>
> (a) A substantial interest of the person is injured in fact or threatened with injury by agency action or inaction;

8

(b) There is no evidence of legislative intent that the interest is not to be protected;

(c) The injury to the person requesting a hearing is different in kind or degree from injury to the general public caused by the agency action or inaction; and

(d) There is a dispute of material fact.

Sec. 227.42(1)(a)-(d).

¶17 This statute has generally been interpreted as granting a "residual hearing right" for parties who are not granted a right to a hearing by any other law. *Milwaukee Metro. Sewerage Dist. v. DNR*, 126 Wis. 2d 63, 73, 375 N.W.2d 648 (1985). Further, "[t]his section does not apply to rule-making proceedings or rehearings, or to actions where hearings at the discretion of the agency are expressly authorized by law." WIS. STAT. § 227.42(3). Whether a party has a right to a contested case hearing under § 227.42(1) is a question of law that we review independently. *Haase-Hardie v. DNR*, 2014 WI App 103, ¶12, 357 Wis. 2d 442, 855 N.W.2d 443.

*A. DNR's master planning laws provide DNR with discretion over public participation.*

¶18 Pursuant to statute, DNR manages state parks and makes plans for the development of state parks through a process known as the master planning process. WIS. STAT. § 27.01(2), (2)(c). The master planning process is then governed primarily by WIS. ADMIN. CODE ch. NR 44 (through Nov. 2024).[6]

¶19 These master planning regulations define a master plan as a DNR plan that "describes the authorized land management, resource protection, facility

---

[6] All references to WIS. ADMIN. CODE § NR are to the November 2024 register.

development and management of recreational use on a department property." WIS. ADMIN. CODE § NR 44.03(8). These regulations further state that the public "*shall* be provided opportunities to participate" in the master planning process. WIS. ADMIN. CODE § NR 44.04(7)(a) (emphasis added). Public involvement "*may* include meetings, hearings, workshops, open houses, surveys, questionnaires, letters, submitted proposals, personal contacts, study committees, advisory groups and other methods or activities tailored to the needs of the individual master planning effort." WIS. ADMIN. CODE § NR 44.04(7)(d) (emphasis added). After adoption of a master plan, requests may be made for amendments, revisions, or variances of the master plan. WIS. ADMIN. CODE § NR 44.04(4)-(6). The master plan must also be reviewed every 15 years to determine whether the plan should be amended, revisited, or extended. WIS. ADMIN. CODE § NR 44.04(12).

¶20 In denying the Friends' petition for a contested case hearing, DNR relied on the exception to the contested case hearing noted above for "actions where hearings at the discretion of the agency are expressly authorized by law." WIS. STAT. § 227.42(3). DNR found that there was no right to a contested case hearing on the master plan because the decision whether to hold any hearing at all on a master plan was "expressly authorized by law" as a discretionary decision of DNR. Therefore, DNR found that the Friends had no ability to seek a contested case hearing under § 227.42(1).

¶21 We agree with DNR that the master planning regulations require some form of public participation in the master planning process, but also give DNR discretion over the form of that public participation in the master planning process. This includes discretion over whether to hold public hearings during the

master planning process.[7]   Therefore, the exception found in WIS. STAT. § 227.42(3) for "actions where hearings at the discretion of the agency are expressly authorized by law" applies, and the Friends have no right to seek a contested case hearing under § 227.42(1) on the master plan.

¶22   In so concluding, we note that the right to a contested case hearing under WIS. STAT. § 227.42(1) has been recognized as a residual hearing right when no right to a hearing is otherwise afforded. *Milwaukee Metro. Sewerage Dist.*, 126 Wis. 2d at 73. It has been further stated that the purpose of § 227.42 is "to provide a hearing before the agency charged with making a decision within its area of expertise so that persons whose interests may be threatened with injury by the agency's proposed action can be heard on the question before the action is taken." *Shearer v. DNR*, 151 Wis. 2d 153, 163, 443 N.W.2d 669 (Ct. App. 1989). The Friends has never asserted that it was denied the ability to voice its opposition to the snowmobile trail prior to DNR's adoption of the master plan, and in fact, the record reflects the opposite. The Friends was involved in the master planning process, and therefore, this is not a case where a residual hearing right is needed because no opportunity to be heard was otherwise provided.

¶23   Rather, we understand the Friends' pursuit of a contested case hearing at which it seeks to present evidence on the impact of the snowmobile trail and deficiencies in the master plan as a disagreement with DNR's decision to

---

[7] To the extent that the Friends take issue with relying on regulations as opposed to statutes because the statutory language of WIS. STAT. § 227.42(3) states "expressly authorized by law," we are not aware of any controlling authority stating that a valid regulation cannot be a law, and the Friends has not properly developed this line of reasoning. *See Milwaukee Metro. Sewerage Dist. v. DNR*, 126 Wis. 2d 63, 73, 375 N.W.2d 648 (1985) (stating that § 227.42(1) affords "a hearing right to those who are not granted a specific right to a hearing by other statutory provisions *or administrative rules*" (emphasis added)).

approve the snowmobile trail, and continue to seek an audience with DNR after the master planning process—during which it was involved—has ended. The Friends contend that a denial of a contested case hearing will "chip away" at its right to be heard, but its right to be heard is already incorporated into the master planning process. Granting a contested case hearing for allowing the continued presentation of information to DNR is redundant of what is already afforded as part of the master planning process.

¶24 We further note that the current appeal addresses the sole issue of whether the Friends should be granted a contested case hearing and the Friends' petition for judicial review raising substantive challenges to the master plan remains pending and yet to be decided following the resolution of this appeal. Thus, our conclusion that the Friends has no right to a contested case hearing under WIS. STAT. § 227.42 does not end this matter. On remand, this case will return to the circuit court for a review of the Friends' challenges to the master plan based on the record already compiled in this matter. In other words, the Friends will still obtain judicial review of the master plan.

*B. WEPA does not require a contested case hearing on a master plan.*

¶25 The Friends argue that its right to a contested case hearing under WIS. STAT. § 227.42(1) is controlled, not by the master planning laws, but by WEPA's requirements that apply generally to "[a]ll agencies of the [S]tate." WIS. STAT. § 1.11(2). The Friends cite to specific provisions of WEPA found in § 1.11(2)(c) and (2)(d) and argue that WEPA requires DNR to prepare an environmental analysis and hold a hearing on actions that impact the human environment, and the master planning process is one such action that impacts the human environment and triggers WEPA's requirements. Therefore, DNR's

decision to hold a hearing during the master planning process is not discretionary, the exception in § 227.42(3) does not apply, and the Friends have a right to a contested case hearing. The Friends further raise the argument that the regulations that DNR cites for the proposition that it has discretion to hold a hearing on a master plan are invalid in large part because they are in conflict with WEPA's requirement to hold a hearing.

¶26 "The purpose of WEPA is to insure that agencies consider environmental impacts during decision making." *State ex rel. Boehm v. DNR*, 174 Wis. 2d 657, 665, 497 N.W.2d 445 (1993). WEPA applies generally to "[a]ll agencies of the state," and requires considering the environmental impact of proposed government actions, primarily through the preparation of an EIS. WIS. STAT. § 1.11(2); *see also* *Wisconsin's Env't Decade, Inc. v. Public Serv. Comm'n*, 79 Wis. 2d 409, 416, 256 N.W.2d 149 (1977). "The evident purpose of WEPA was to effect an across-the-board adjustment of priorities in the decision-making processes of agencies of state government" and "to require that agencies consider and evaluate the environmental consequences of alternatives available to them in the exercise of that discretion[.]" *Wisconsin's Env't Decade*, 79 Wis. 2d at 416. WEPA, however, is only "procedural in nature and does not control agency decision making." *State ex rel. Boehm*, 174 Wis. 2d at 665.

¶27 On the topic of hearings, WEPA states, "Every proposal other than for legislation shall receive a public hearing before a final decision is made. Holding a public hearing as required by another statute fulfills this section." WIS. STAT. § 1.11(2)(d). This requirement applies to proposals for "major actions significantly affecting the quality of the human environment[.]" Sec. 1.11(2)(c); *see also* WIS. ADMIN. CODE § NR 150.03(15) (defining "minor action" as "a department action that is not subject to [WIS. STAT. § 1.11(2)(c)]"); *Wisconsin's*

*Env't Decade, Inc.*, 79 Wis. 2d at 416 ("That section requires that 'to the fullest extent possible,' all agencies of the state shall prepare a detailed environmental impact statement (EIS) on 'proposals for legislation and other major actions significantly affecting the quality of the human environment[.]'" (citation omitted)); *State ex rel. Boehm*, 174 Wis. 2d at 665.

¶28 Similar to many other agencies, DNR promulgated its own rules found in WIS. ADMIN. CODE ch. NR 150 to carry out WEPA's requirements. These rules sort DNR's actions into different categories including minor actions, integrated analysis actions, prior compliance actions, and EIS actions and projects. WIS. ADMIN. CODE § NR 150.20(1m), (2), (3), (4). Importantly, the master planning process is considered an integrated analysis action per DNR's regulations. WIS. ADMIN. CODE §§ NR 150.03(12m), 150.20(2)(a)1. An integrated analysis action is defined as "a department action for which department programmatic procedures provide for public disclosure and include an environmental analysis that provides sufficient information to establish that an environmental impact statement is not required." WIS. ADMIN. CODE §§ NR 150.03(12m), 150.20(2)(a)1. An integrated analysis action is considered an action that "do[es] not require a separate environmental analysis process." WIS. ADMIN. CODE § NR 150.20(2)(a). In other words, master planning is not considered by DNR to be a major action that requires its own WEPA process, and therefore, we are unpersuaded that the Friends are entitled to a contested case hearing under WIS. STAT. § 227.42 because of WEPA.[8]

---

[8] The DNR regulation cited by the Friends does not change this result when it merely states that DNR is required to submit "any environmental analysis required by [WIS. STAT. § 1.11] or ch. NR 150." WIS. ADMIN. CODE § NR 44.04(8)(f).

¶29 Moreover, even assuming the Friends are correct that the master plan developed here triggered WEPA and its requirement to hold a hearing, we consider that the Friends' argument erroneously equates the public hearing referenced in WEPA with the contested case hearing of WIS. STAT. § 227.42.

¶30 A contested case hearing within the meaning of WIS. STAT. § 227.42 is "an agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order." WIS. STAT. § 227.01(3). In a contested case hearing, a party may call adverse witnesses, conduct cross-examinations, and conduct discovery. *Milwaukee Brewers Baseball Club v. DHSS*, 130 Wis. 2d 79, 94-95, 387 N.W.2d 254 (1986). Therefore, the nature of a contested case hearing can generally be described as an individualized, fact-finding hearing. *See Citizens for Sensible Zoning, Inc. v. DNR*, 90 Wis. 2d 804, 817-20, 280 N.W.2d 702 (1979). A contested case hearing is generally understood as inapplicable to proceedings "of a generalized nature" that "bear upon questions of law, policy and discretion" that "lack the particularized and adversary interests necessary for it to be characterized as a contested case." *Id.* at 819.

¶31 By contrast, WEPA provides for a "public hearing," WIS. STAT. § 1.11(2)(d)., and the use of the word "public" to describe the type of hearing provided by WEPA sets it apart as a hearing of a generalized nature and a hearing different in kind from a contested case hearing, which is geared towards individualized fact-finding and evidentiary in nature. In short, we are not persuaded that WEPA's provision of a public hearing and the contested case hearing of WIS. STAT. § 227.42 are one and the same, and therefore, we are

unpersuaded by the Friends' argument because it conflates the concept of a public hearing under WEPA with the contested case hearing provided by § 227.42.[9]

¶32 In a final effort to avoid the application of the master planning regulations, the Friends argue that DNR's regulations are invalid because they were not "expressly authorized" by the legislature and are in conflict with statutory requirements. DNR argues that we need not address the Friends' argument on this point because it was raised for the first time on appeal. "The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal." *State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). DNR also notes that the Friends have not followed the proper procedure for challenging the validity of a regulation. *See* WIS. STAT. § 227.40(3)(ag), (5). The Friends have not refuted DNR's argument in reply, and we may also consider this a concession on the Friends' part. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession). Therefore, we need not address the validity of DNR's regulations further.

## CONCLUSION

¶33 In sum, we conclude that the Friends was not entitled to a contested case hearing on the master plan and DNR properly denied the Friends' petition for

---

[9] We note that the master planning laws similarly describe the meetings, hearings, open houses, and other possible involvement as "public" and further lists that public involvement may be for the following purposes: (1) "Identifying issues related to management and use;" (2) "Submitting suggestions to the department regarding future management and use of a property;" (3) "Identifying and evaluating proposed property goals and objectives;" and (4) "Evaluating management and use alternatives." WIS. ADMIN. CODE § NR 44.04(7)(d)-(e).

a contested case hearing. DNR's master planning regulations require public participation in the master planning process, with the form of that public participation being within DNR's discretion whether it be open meetings, public hearings, or another form of public participation in the master planning process. Through this process, members of the public are afforded the ability to present their positions and supporting materials to DNR as part of the master planning process. WEPA does not change this result, and it does not require a contested case hearing. Thus, we conclude that DNR properly denied the Friends' request for a contested case hearing, and we do not address the Friends' additional argument that its petition meets the statutory requirements of WIS. STAT. § 227.42(1) for a contested case hearing. *See* **Blalock**, 150 Wis. 2d at 703. Accordingly, we affirm and remand this matter for further proceedings consistent with this opinion.

*By the Court.*—Order affirmed and cause remanded.

Recommended for publication in the official reports.